THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KELLY MOORE,<br><br>Defendant. | CR 25-50-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

### I.    Synopsis

Defendant Kelly Moore (Moore) has been accused of violating conditions of his supervised release. (Doc. 4). Moore admitted most of the alleged violations. Moore's supervised release should be revoked. Moore should be sentenced to custody for a term of 3 months, with 24 months of supervised release to follow. During the term of his supervised release, Moore shall be placed in a secure in-patient substance abuse treatment facility for up to 180 days at the direction of his probation officer.

### II.    Status

Moore plead guilty on August 22, 2017, in the United States District Court for the District of South Dakota to the offenses of Conspiracy to Distribute

Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) and Prohibited person in Possession of a Firearm, in violation of 18 U.S C. §§ 922(g)(1), 922(g)(3), 922 (g)(9) and 924(a)(2), 924(d). (Doc. 2-1). Moore was sentenced to 92 months of custody followed by 36 months of supervised release. Moore's current term of supervised release began on December 16, 2024. Moore's supervised release was transferred to the State of Montana on April 23, 2025. (Doc. 2).

### Petition

On May 27, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Moore's supervised release. (Doc. 4). The Petition alleged Moore violated conditions of his supervised release by: (1) using marijuana on April 30, 2025; (2) failing to report for substance abuse testing on May 4, 2025; (3) consuming alcohol on May 19, 2025; and (4) committing another federal, state or local crime, having been charged on May 19, 2025 with Abuse of a Family Member, a Class I offense in violation of Fort Belknap Tribal Code Title IV, Part II, Section 1.2.

### Initial Appearance

Moore appeared before the Court on June 11, 2025. Moore was represented by counsel. Moore stated that he had read the Petition and that he understood the allegations against him. Moore waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 11, 2025. Moore admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) using marijuana on April 30, 2025; (2) failing to report for substance abuse testing on May 4, 2025; and (3) consuming alcohol on May 19, 2025. The Government moved to dismiss allegation (4), which the Court granted. Moore's admitted violations, 1-3, are serious and warrants revocation of his supervised release.

**Sentencing hearing**

Moore appeared before the Court on June 11, 2025. Moore's violations are Grade C. His criminal history category is III. Moore's underlying offenses are each a Class C felony. Moore could be incarcerated for up to 24 months on both counts. Moore could be ordered to remain on supervised release for 27 months less any custody time on both counts. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Moore's supervised release should be revoked. Moore should be sentenced to custody for a term of 3 months, with 24 months of supervised release to follow. During the term of his supervised release, Moore shall be placed in a secure in-

patient substance abuse treatment facility for up to 180 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Moore that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Moore of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Moore that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That KELLY MOORE has violated the conditions of his supervised release by: (1) using marijuana on April 30, 2025; (2) failing to report for substance abuse testing on May 4, 2025; and (3) consuming alcohol on May 19, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Moore's supervised release and place Moore in custody for a term of 3 months, with 24 months of supervised release to follow. During the term of his supervised release, Moore shall be placed in a secure in-patient substance abuse treatment facility for up to 180 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of June 2025.

John Johnston
United States Magistrate Judge