THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KELLY MOORE,<br><br>Defendant. | CR 25-50-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Kelly Moore (Moore) has been accused of violating conditions of his supervised release. (Doc. 21). Moore admitted the alleged violations. Moore's supervised release should be revoked. Moore should be sentenced to custody for 5 months on both Count 1 and Count 2, with the terms to run concurrently and with no term of supervised release to follow on each count.

## II. Status

Moore plead guilty on August 22, 2017, in the United States District Court for the District of South Dakota to the offenses of Conspiracy to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) and Prohibited Person in Possession of a Firearm, in violation of 18 U.S C. §§ 922(g)(1),

922(g)(3), 922 (g)(9) and 924(a)(2), 924(d). (Doc. 2-1). Moore was sentenced to 92 months of custody followed by 36 months of supervised release. Moore's current term of supervised release began on August 29, 2025. Moore's supervised release was transferred to the State of Montana on August 29, 2025. (Doc. 2).

**Petition**

On September 8, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Moore's supervised release. (Doc. 21). The Petition alleged Moore violated conditions of his supervised release by: (1) using methamphetamine on August 16, 2026; (2) consuming alcohol on August 16, 2026; (3) failing to comply with substance abuse testing on August 26, 2026, and on September 3, 2026; and (4) failing to make any payments toward his court imposed fine since December of 2024.

**Initial Appearance**

Moore appeared before the Court on September 29, 2026. Moore was represented by counsel. Moore stated that he had read the Petition and that he understood the allegations against him. Moore waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 29, 2026. Moore admitted that he had violated the conditions of supervised release as set forth in the Petition. Moore's admitted violations, 1-4, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Moore appeared before the Court on September 29, 2026. Moore's violations are Grade C. His criminal history category is III. Moore's underlying offenses are each a Class C felony. Moore could be incarcerated for up to 24 months on both counts. Moore could be ordered to remain on supervised release for 24 months less any custody time on both counts. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Moore's supervised release should be revoked. Moore should be sentenced to custody for 5 months on both Count 1 and Count 2, with the terms to run concurrently and with no term of supervised release to follow on each count. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Moore that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed

Moore of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Moore that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That KELLY MOORE has violated the conditions of his supervised release by: (1) using methamphetamine on August 16, 2026; (2) consuming alcohol on August 16, 2026; (3) failing to comply with substance abuse testing on August 26, 2026, and on September 3, 2026; and (4) failing to make any payments toward his court imposed fine since December of 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Moore's supervised release and sentence Moore to custody for a term of custody for 5 months on both Count 1 and Count 2, with the terms to run concurrently and with no term of supervised release to follow on each count.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of September 2026.

John Johnston
United States Magistrate Judge